Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| VUR JER, LLC.<br>**Recurrente**<br><br>Vs.<br><br>JUNTA REGLAMENTADORA DE CANNABIS MEDICINAL<br>**Recurrida** | KLRA202400022 | *REVISIÓN ADMINISTRATIVA* procedente del Comisión de Cannabis<br><br>Querella Núm. JRCM-2022-031<br><br>SOBRE: Renovación de Licencia CM-2018-088 |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 9 de febrero de 2024.

El 17 de enero de 2024, Vur Jer, LLC. (Vur Jer o recurrente) compareció ante nos mediante un *Recurso de Revisión Judicial* y solicitó la revisión de una *Resolución Final* que se emitió y notificó el 18 de diciembre de 2023 por la Junta Reglamentadora del Cannabis Medicinal (Junta o recurrida). Mediante el aludido dictamen, la Junta declaró No Ha Lugar la *Moción de Inhibición y Otros Extremos* que presentó el recurrente.

Por los fundamentos que expondremos a continuación, *revocamos* el dictamen recurrido.

I.

El 1 de diciembre de 2023, Vur Jer presentó una *Moción de Inhibición y Otros Extremos.*[1] En primer lugar, afirmó que el testimonio de la directora ejecutiva de la Junta, la Lcda. Arlene Questell (señora Questell), era esencial para su defensa y el asunto sobre la admisibilidad de dicho testimonio no era una facultad delegada expresamente a un Oficial Examinador ya que ello trataba

---

[1] Véase, págs. 46-53 del apéndice del recurso.

Número Identificador

SEN2024 _____

de una controversia de carácter sustantivo por lo que tenía que ir a la Junta. Añadió que las determinaciones que tomaban los oficiales examinadores estaban supeditadas a la aprobación de la mayoría de los miembros de la Junta. Además, sostuvo que, en el presente caso, existía un conflicto de interés ya que la Oficial Examinadora designada al caso, la Lcda. Ramagui Rivera De Jesús (licenciada Rivera), eliminó como testigo a la señora Questell, funcionaria del ente adjudicador que adquiere sus servicios y, por ende, se podía ver afectada la imparcialidad que debía llevar a cabo durante los procesos adjudicativos. En otras palabras, puntualizó que la Junta era quien contrataba a la Oficial Examinadora a cargo de presidir los procesos adjudicativos y, por ende, ello creaba un claro conflicto de interés. Por las razones antes expuestas, le solicitó a la Junta a que emitiera un dictamen decretando la inhibición de la licenciada Rivera.

En vista de lo antes solicitado, el 11 de diciembre de 2023, la licenciada Rivera, presentó un *Informe de la Oficial Examinadora.*[2] En este citó el derecho aplicable en cuanto a la recusación de los oficiales examinadores que se emana del Art. 25 del Reglamento Núm. 9321, también conocido como *Reglamento de Procedimientos Adjudicativos y de Reglamentación en el Departamento de Salud* que se aprobó el 29 de octubre de 2021 (Reglamento Núm. 9321). Tomando en consideración el derecho aplicable, argumentó que el recurrente no cumplió con los requisitos necesarios para solicitar la recusación de un oficial examinador. Específicamente, expresó que la solicitud de recusación no fue debidamente jurada, no se incluyeron hechos específicos en los cuales se fundamentaban la solicitud y tampoco presentaron prueba documental y declaraciones juradas en apoyo a esta como lo exige el Reglamento Núm. 9321,

---

[2] Íd., págs. 63-68.

*supra.* Luego expuso las alegaciones de Ver Jur en su contra y expresó sus argumentos en cuanto a ellas. Finalmente, resolvió que no procedía la inhibición y le remitió el informe a la Junta para su correspondiente evaluación.

Evaluada la solicitud de inhibición y el informe que presentó la licenciada Rivera, el 18 de diciembre de 2023, la Junta emitió y notificó una *Resolución Final* en la cual acogió las conclusiones a las que llegó la oficial examinadora y, en consecuencia, declaró No Ha Lugar la *Moción de Inhibición y Otros Extremos* que presentó Ver Jur.[3]

Inconforme con esta determinación, el 17 de enero de 2024, la parte recurrente presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró la Junta Reglamentadora de Cannabis Medicinal al no atender de forma transparente la solicitud de inhibición presentada por la parte recurrente, al punto que se firma la misma por la testigo que es el epicentro de la controversia evidenciaria y no los miembros que componen la Junta en Pleno.**

> **Erró la Junta Reglamentadora del Cannabis en no establecer en la resolución recurrida que la misma haya sido evaluada por la Junta en Pleno conforme a la ley y el reglamento aplicable.**

> **Erró la Junta Reglamentadora del Cannabis Medicinal al denegar la admisibilidad del testimonio de un testigo esencial de la Parte Recurrente-Promovente del proceso administrativo y que dicha determinación se ha tomado de una óptica parcializada.**

> **Erró la Junta Reglamentadora del Cannabis Medicinal al negarse a proveer con lugar la inhibición de la oficial examinadora.**

Atendido el recurso, el 22 de enero de 2024, emitimos una *Resolución* concediéndole a la Junta hasta el 6 de febrero de 2024 para presentar su alegato. Oportunamente, la parte recurrida

---

[3] Íd., págs. 76-77.

presentó una *Oposición a Recurso de Revisión Administrativa* y negó que la agencia cometiera los errores que Vur Jer le imputó.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver. *Veamos.*

II.

**-A-**

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Caldero López*, 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Graciani Rodríguez v. Garaje Isla Verde,* 202 DPR 117, 126 (2019).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Caldero López*, supra, pág. 35. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. Íd.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Graciani Rodríguez v. Garaje Isla Verde,* supra, pág.128. Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

**-B-**

El Reglamento Núm. 9321, *supra*, se aprobó con el propósito de uniformar los procedimientos adjudicativos y de reglamentación sobre los cuales el Departamento de Salud tiene jurisdicción y competencia. *Exposición de Motivos del Reglamento Núm. 9321*. Ello, para proveer una solución justa, rápida y económica mediante soluciones informales de controversias administrativas sin menoscabar los derechos que le asisten a la sociedad. Íd. Ahora bien, en lo pertinente al caso ante nos, el Art. 25 de este Reglamento preceptúa el procedimiento de recusación de un oficial examinador. Específicamente, dispone lo siguiente:

1. En cualquier etapa de los procedimientos, cualquier de las partes podrá solicitar la recusación de un Oficial Examinador por alguna de las circunstancias expuestas en la Regla 21 (1) de este Reglamento.

2. La solicitud de recusación debe ser jurada y expondrá los hechos específicos en que se fundamenta y la prueba documental y declaraciones juradas en apoyo de la misma.

3. La solicitud de recusación debe ser presentada ante el Oficial Examinador recusado tan pronto la Parte Peticionaria advenga en conocimiento de la causa de la recusación.

4. Una vez presentada la solicitud de recusación, si el Oficial Examinador recusado concluye que procede su inhibición, hará constar mediante resolución escrita los incisos de la Regla 21 (1) aplicable, en su

defecto, la razón específica para su inhibición bajo el inciso (h) y la notificará a todas las partes. El caso será asignado a otro Oficia Examinador.

5. **Si el Oficial Examinador concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de Oficial Examinador en el caso y remitirá los autos del mismo al Secretario de Salud para la designación de un Oficial Examinador que resuelva la solicitud de recusación**.

6. La solicitud de recusación se resolverá dentro del término no mayor de quince (15) días desde su presentación.

7. De conceder la solicitud, se realizará el reemplazo requerido con un Oficial Examinador que no posea ninguna de las limitaciones antes mencionadas.

8. Una vez un Oficial Examinador haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o abogadas cuya intervención pueda producir su recusación. (Énfasis suplido)

III.

El recurrente compareció ante nos impugnando una *Resolución Final* que se emitió y notificó el 18 de diciembre de 2023 mediante la cual la Junta declaró No Ha Lugar su *Moción de Inhibición y Otros Extremos*. Específicamente, en su primer señalamiento de error, indicó que la Junta erró al no atender de forma transparente su solicitud de inhibición ya que el dictamen recurrido se firmó por la directora ejecutiva de la Junta que era epicentro de la controversia evidenciaria. En su segundo señalamiento de error, argumentó que la Junta erró al no establecer que la solicitud de inhibición se evaluó por la Junta en Pleno conforme lo exige la ley y reglamento aplicable. Por otro lado, en su tercer señalamiento de error, sostuvo que la Junta erró al denegar la admisibilidad del testimonio de la señora Questell. Puntualizó que dicha determinación se tomó de manera parcializada. Por último, en su cuarto señalamiento de error planteó que la Junta erró al declarar No Ha Lugar la solicitud de inhibición de la licenciada Rivera.

Previo a discutir el primer, segundo y cuarto señalamiento de error en conjunto por estar íntimamente relacionadas entre sí cabe precisar que, a pesar de que se podría entender que la determinación en cuanto a la inhibición es una interlocutoria, como modo de excepción, esta es objeto de revisión ya que esperar a la Resolución Final de la agencia constituiría un fracaso a la justicia. En el informe que preparó la licenciada Rivera en cuanto al asunto de su inhibición, esta última utilizó el Reglamento Núm. 9321 de manera supletoria ya que era el único estatuto que discutía el procedimiento a seguir ante una solicitud de inhibición de un Oficial Examinador del Departamento de Salud. La Ley Núm. 42-2017, según enmendada, mejor conocida como *Ley para Manejar el Estudio, Desarrollo e Investigación del Cannabis para la Innovación, Normas Aplicables y Límites,* 24 LPRA sec. 2621 *et seq.* y el Reglamentó Núm. 9038, que se aprobó el 2 de julio de 2018, no preceptúan el proceder ante una solicitud de inhibición a pesar de que son estatutos que son aplicables al presente caso. Por lo tanto, el derecho aplicable al asunto ante nuestra consideración emana de la Regla 25 del Reglamento Núm. 9321.

En el *Informe de la Oficial Examinadora* la licenciada Rivera llegó a la conclusión de que no procedía su inhibición bajo el fundamento de que Ver Jur no juramentó su solicitud de inhibición y tampoco expuso hechos específicos, prueba documental y declaraciones juradas que fundamentaran dicho proceder conforme lo exige la Regla 25 del Reglamento Núm. 9321, *supra.* Sin embargo, cabe precisar que, a pesar de que basó su decisión en lo antes expuesto, entró a discutir los planteamientos que expuso la parte recurrente en su contra sobre la inhibición. Luego de discutir los planteamientos nuevamente concluyó que no procedía su inhibición.

Como es sabido, la Regla 25 del Reglamento Núm. 9321, *supra*, establece que, si un Oficial Examinador concluye que no procede su inhibición, se abstendrá de actuar como tal y remitirá dicho asunto al Secretario de Salud para que este último designe otro Oficial Examinador que resuelva la solicitud de recusación. Dicho lo anterior, es evidente que la persona designada a atender la recusación de la licenciada Rivera era otra u otro Oficial Examinador que fuese elegido por el Secretario de Salud para atender el asunto y no así la Junta. La procedencia o no de una inhibición de un Oficial Examinador no surge de las funciones delegadas a la Junta que se establecen en el Art. 5 de la Ley Núm. 42, 24 LPRA sec. 2622a y en el Art. 135 del Reglamento Núm. 9038, *supra.*

En el presente caso, la solicitud de inhibición se evaluó por la Junta, específicamente, la determinación que estos tomaron se firmó por la señora Questell, directora ejecutiva de la Junta y la persona que es el eje de la controversia evidenciaria en el presente caso. Dicha actuación fue contraria a los postulados de la Regla 25 del Reglamento Núm. 9321, *supra.* Como mencionamos anteriormente, la solicitud de inhibición se debió atender por otra u otro oficial examinador designado por el Secretario de Salud. **Así pues, le corresponde a la licenciada Rivera a abstenerse de continuar actuando en su capacidad como Oficial Examinadora del presente caso y remitir los autos de este asunto al Secretario de Salud para su correspondiente proceder.** Dicho lo anterior, se cometió el primer, segundo y cuarto señalamiento de error.

Por otro lado, el tercer señalamiento de error relacionado a la denegatoria por parte de la Junta de la admisibilidad del testimonio de la señora Questell no se puede atender en sus méritos. La referida determinación no se incluyó como parte de las determinaciones que realizó la Junta en el dictamen recurrido. En consecuencia, no tenemos jurisdicción para atender dicho asunto.

IV.

Por los fundamentos antes expuestos, ***revocamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones